Ashley J. Sherwood, OSB 191044
asherwood@seyfarth.com
Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910
Attorney For Defendants
The Hertz Corporation and DTG Operations, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

TATIANA ALCARAZ, an individual,

Plaintiff,

v.

THE HERTZ CORPORATION, a foreign corporation, DTG OPERATIONS, INC., a foreign corporation,

Defendants.

Case No. 3:26-cv-00593-SI

**DEFENDANTS THE HERTZ CORPORATION AND DTG OPERATIONS, INC.'S ANSWER TO COMPLAINT**

Defendants THE HERTZ CORPORATION AND DTG OPERATIONS, INC. (collectively herein referred to as "Defendants") respond to Plaintiff TATIANA ALCARAZ's ("Plaintiff") Complaint as follows:

1.

Plaintiff, Tatiana Alcaraz, by and through counsel, Marc A. Schworm, OSB #076752, complains of Defendants, The Hertz Corporation and DTG Operations, Inc., as follows:

**ANSWER**: Paragraph 1 consists only of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 1.

2. **PRELIMINARY FACTS**

At all times material, Defendants were foreign corporations doing business in the State of Oregon. Based on information and belief, Defendant DTG Operations is a wholly owned subsidiary of Defendant The Hertz Corporation. Defendants employed Ms. Alcaraz.

**ANSWER**: Defendants admit that they were at all times foreign corporations doing business in the State of Oregon and that DTG OPERATIONS, INC. employed Plaintiff. Defendant deny all remaining allegations in Paragraph 2.

3.

Ms. Alcaraz was eligible for leave under the Family Medical Leave Act, 29 USC §2601 et. seq. ("FMLA"). Defendants are employers subject to the FMLA.

**ANSWER**: Defendants admit Plaintiff met the requirements to be eligible for leave under the Family Medical Leave Act, 29 USC §2601 et. seq. in parts of 2024 and 2025. Defendant deny all remaining allegations in Paragraph 3.

4. **FACTS**

On or around 12/31/24, Ms. Alcaraz sustained bodily injury in a motor vehicle collision, including to her neck and back.

**ANSWER**: Defendants lack sufficient information or belief to answer all of the allegations in Paragraph 4 and on this basis deny them.

5.

On or about 1/2/25, Ms. Alcaraz informed her manager, Christina Molina, that Ms. Alcaraz would need time off from work to recover and was going to apply for medical leave under the Family Medical Leave Act (FMLA). Ms. Molina responded to Ms. Alcaraz by saying something to the effect of: "what the fuck do you even work here if you're just going to jump on that band wagon?" Ms. Molina further attempted to dissuade Ms. Alcaraz from utilizing protected leave, stating: "You don't need FMLA. We can take care of it."

**ANSWER**: Defendants lack sufficient information or belief to answer the allegations in Paragraph 5 and on this basis deny them.

6.

On or around 1/3/25, Ms. Alcaraz's attending medical provider released Ms. Alcaraz from work due to her injuries. Also on or about 1/3/25, Ms. Alcaraz filed for continuous FMLA leave beginning 1/10/25.

**ANSWER**: Defendants lack sufficient information or belief to answer the allegations in Paragraph 6 and on this basis deny them.

7.

Ms. Molina pleaded with Ms. Alcaraz to come to work on 1/3/25, assuring Ms. Alcaraz that she could sit in the break room and watch for customers coming into the store on the security camera monitor to avoid prolonged standing at the front counter, which aggravated Ms. Alcaraz's symptoms. Ms. Alcaraz agreed to come to work.

**ANSWER**: Defendants lack sufficient information or belief to answer the allegations in Paragraph 7 and on this basis deny them.

8.

On or about 1/31/25, about an hour into Ms. Alcaraz's shift, Ms. Alcaraz was advised that she was under investigation for allegedly having not worked on 1/3/25. Ms. Alcaraz explained that she had been allowed to sit in the break room and tend to the front counter when needed due to her injuries from the collision.

**ANSWER**: Defendants lack sufficient information or belief to answer all of the allegations in Paragraph 8 and on this basis deny them.

9.

On or about 2/7/25, Christina Molina called Ms. Alcaraz and advised that her employment had been terminated for working from the break room on 1/3/2025. Working from the break room was the exception Ms. Molina herself offered Ms. Alcaraz so that she would come to work while injured.

**ANSWER**: Defendants admit Plaintiff was terminated on 2/7/25. Defendants lack sufficient information or belief to answer the remaining allegations in Paragraph 9 and on this

basis deny them.

10.

Defendant's termination of Ms. Alcaraz's employment was substantially motivated by Plaintiff's request for and planned use of protected medical leave.

**ANSWER**: Defendants deny all of the allegations in Paragraph 10.

11.

In terminating Plaintiff's employment, Defendant interfered with and denied Plaintiff the attempt to exercise Plaintiff's rights under the FMLA and Oregon laws.

**ANSWER**: Defendants deny all of the allegations in Paragraph 11.

12.

As a result of this termination of employment, Plaintiff sustained a loss of income and employment benefits, inconvenience, and emotional distress.

**ANSWER**: Defendants deny all of the allegations in Paragraph 12.

13. **FIRST CAUSE OF ACTION (Wrongful Termination / Interference with Rights – 29 USC §2615(a)(1) / 29 CFR §825.220)**

Plaintiff re-alleges and incorporates ¶¶1 – 12.

**ANSWER**: Defendants restates its answers to Paragraphs 1 through 13 as its answer to Paragraph 13 of the Complaint.

14.

Pursuant to 29 USC §2615(a)(1), it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under subchapter I of the FMLA (29 USC §2611 – 2620).

**ANSWER**: The allegations in Paragraph 14 of the Complaint consist entirely of legal conclusions, incomplete quotations of the cited statute, and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, Defendants deny any allegations in Paragraph 14 of the Complaint that are inconsistent with the cited statute.

15.

Defendant's termination of Plaintiff's employment was a violation of Plaintiff's Entitlement to Leave under 29 USC §2612(a)(1)(A) and Employment and Benefits protection under 29 USC §2614.

**ANSWER**: Defendants deny all of the allegations in Paragraph 15.

16. **ECONOMIC AND COMPENSATORY DAMAGES FOR PLAINTIFF'S FIRST CAUSE OF ACTION**

As a direct result of Defendant's unlawful employment practices in violation of 29 USC §2615(a)(1), Plaintiff sustained economic damages in the form of lost wages, and incurred inconvenience and emotional distress, all to her economic and compensatory damages in the amount of $150,000.00.

**ANSWER**: Defendants admit that Plaintiff requests relief as pleaded but deny that Plaintiff is entitled to damages or any relief.

17. **NOTICE OF ATTORNEY'S FEES UNDER 29 USC §2617(3)**

Plaintiff seeks an award of reasonable attorney's fees for Plaintiff's First Cause of Action pursuant to 29 USC §2617(3).

**ANSWER**: Defendants admit that Plaintiff requests relief as pleaded but deny that Plaintiff is entitled to damages or any relief.

18. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for economic and compensatory damages in the amount of $150,000.00 for Plaintiff's First Cause of Action. Plaintiff also seeks attorney's fees under 29 USC §2617(3), costs, disbursements, prevailing party fees, interest on back wages, and for any other relief that the Court deems just and equitable.

**ANSWER**: Defendants admit that Plaintiff requests relief as pleaded but deny that Plaintiff is entitled to damages or any relief.

## DEFENSES

In addition to the admissions, denials, and other responses set forth above, Defendants also assert the following defenses. In pleading these defenses, Defendants do not assume any burdens of production or proof that they would not otherwise have. Further, Defendants specifically reserve the right to raise any and all counterclaims and additional defenses, including affirmative defenses, which may become apparent at any time during the course of this litigation.

### FIRST DEFENSE

The claim asserted by Plaintiff is barred in whole or in part for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claim asserted by Plaintiff is barred in whole or in part and/or this Court lacks jurisdiction over the claim alleged in the Complaint to the extent that the Plaintiff has failed to comply with jurisdictional prerequisites for commencing this action.

### THIRD DEFENSE

To the extent the claim asserted by Plaintiff is based on acts that occurred prior to any applicable statute of limitations, such claim is time barred.

### FOURTH DEFENSE

Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations that it may have had under the laws, regulations, and/or public policy of the State of Oregon or otherwise.

### FIFTH DEFENSE

The claim asserted by Plaintiff is barred in whole or in part because any acts or omissions by Defendants were undertaken for legitimate, non-discriminatory, non-retaliatory reasons.

### SIXTH DEFENSE

Defendants have acted in good faith and established and complied with policies, programs, and procedures for the prevention and detection of unlawful practices as required by law. Any claims for punitive damages are therefore barred.

**SEVENTH DEFENSE**

The claim asserted by Plaintiff, and damages sought therefore, is barred in whole or in part because Plaintiff failed to properly mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

**EIGHTH DEFENSE**

The claim asserted by Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, unclean hands, and/or waiver.

**NINTH DEFENSE**

All action taken or omitted by Defendants with respect to Plaintiff were taken or omitted reasonably and in good faith, without any malice, evil motive, callous indifference, reckless indifference, or willfulness.

**TENTH DEFENSE**

Plaintiff's Complaint fails because she has not suffered any injury as a result of the alleged statutory violations, and therefore lacks standing to assert any of the cause of action contained in the Complaint.

**WHEREFORE**, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendants their reasonable costs, expenses, and any and all other relief the Court deems just and proper.

Dated: March 27, 2026

SEYFARTH SHAW, LLP

*/s/ Ashley J. Sherwood*

Ashley J. Sherwood, OSB 191044
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
T: (206) 946-4986
F: (206) 299-9974
asherwood@seyfarth.com

Attorney For Defendants THE HERTZ CORPORATION and DTG OPERATIONS, INC.

**CERTIFICATE OF SERVICE**

I hereby declare that on this 27th day of March, 2026, I caused a copy of ***Defendants' Answer and Defenses to Complaint*** to be electronically filed with the Court which will send notification of such filing to the following:

Marc Schworm, OSB 076752
Morinaka Schworm, LLC
2300 NW 31st Avenue
Portland, OR 97210
T: (971) 266-2800
marc@lawyerspdx.com

*s/ Jonathan Henley*
Jonathan Henley, Legal Secretary